# IN THE COURT OF APPEALS OF IOWA

No. 16-0696
Filed March 8, 2017

**JERRY MATTHEW STILEN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Kathleen A. Kilnoski, Judge.

Jerry Stilen appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

Jerry Stilen appeals the district court's denial of his application for postconviction relief (PCR). Stilen was originally charged with burglary in the first degree, burglary in the second degree, possession of a controlled substance, domestic abuse assault by strangulation, and domestic abuse assault by strangulation causing bodily injury. Pursuant to a plea bargain, he pled guilty to burglary in the second degree and a serious misdemeanor assault causing bodily injury, and received suspended sentences of ten years and 180 days to run concurrently, with two years of supervised probation. He subsequently violated his probation and was required to serve the terms of incarceration previously ordered.

Stilen filed a PCR application claiming his trial counsel rendered ineffective assistance in allowing him to plead guilty. After an evidentiary hearing, the district court denied the PCR application. Stilen appeals, arguing the court erred in denying his application. He also raises a new issue: During the probation revocation hearing, the district court failed to grant him a right of allocution and failed to consider all necessary factors at the dispositional phase of the hearing.

The State challenges whether Stilen preserved error on any of his claims. As to his challenge to the guilty plea, we note that although Stilen initially alleged his counsel was ineffective in allowing him to plead guilty in his original PCR application, a later amendment appears to shift his focus to the factual basis and the voluntariness of his plea. On appeal, Stilen focuses on the knowing, voluntary, and intelligent waiver of his rights. The PCR court considered all those

issues and made thorough findings of fact.  Without ruling on error preservation, we agree with the decision of the district court and affirm on the guilty-plea issue pursuant to Iowa Court Rule 21.26(1)(a), (b), (d), and (e).

With regard to Stilen's new claim concerning the district court's failings during his probation revocation hearing, we agree with the State that error was not preserved because the issues were not raised before or considered by the district court at the PCR hearing and there is no decision for us to review.[1]  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

**AFFIRMED.**

---

[1] We note, however, the challenges made and the authorities cited by Stilen are based on requirements attendant to sentencing hearings upon entry of judgment or at sentencing hearings as a part of revocation of deferred judgments.  The posture of this case is disposition of a probation violation proceeding following a prior sentencing hearing that resulted in entry of judgment and sentence.